UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LUIS FERNANDO ANDRADE,

                          Plaintiff,                          Civ No. 25-cv-02225-PMH

    -against-

COMITO CONSTRUCTION CORP., RACHEL L. WEBER,
GIUSEPPE GUARNIERI d/b/a G.P. GUARNIERI
CONSTRUCTION and ABC CORP., a fictitious name intending
to be that of an unknown contractor d/b/a G.P. GUARNIERI
CONSTRUCTION,

                         Defendants.
-----------------------------------------------------------------------X

### STIPULATION and PROPOSED CONSENT JUDGMENT AND ORDER

Plaintiff LUIS FERNANDO ANDRADE ("Plaintiff") and Defendant COMITO CONSTRUCTION CORP. ("Defendant"), by and through their undersigned counsel, hereby stipulate and agree as follows, subject to approval and entry by the Court:

1. **Entry of Judgment.** Judgment shall be entered in favor of Plaintiff LUIS FERNANDO ANDRADE and against Defendant COMITO CONSTRUCTION CORP. in the amount of **One Million Dollars ($1,000,000.00).** The Parties acknowledge and agree that Defendant hereby concedes liability on Plaintiff's New York Labor Law Section 240(1) claim, and Plaintiff hereby discontinues his New York Labor Law Section 241(6), Section 200, and common law negligence claims against Defendant, with prejudice. Defendant's concession of liability and the consent judgment in the amount of **$1,000,000.00** reflected herein constitutes a fair, reasonable, and non-collusive resolution of Plaintiff's bodily injury claims and represents the reasonable value of Plaintiff's damages and constitutes a loss arising from the incident alleged in the Complaint. The Parties further agree that such amount constitutes a loss for purposes of any applicable liability insurance policy issued to Defendant. Defendant agrees that it will not contest the reasonableness of such amount in any declaratory judgment action or coverage litigation brought by Plaintiff against any insurer including, but not limited to, Evanston Insurance Company.

2. **Resolution of Claims.** This Consent Judgment resolves all claims asserted by Plaintiff against Defendant in this action.

3. **Cooperation.** Defendant, surviving any dissolution, and any and all of defendant's officers including but not limited to, Gregory Albanese Comito, agree to cooperate with Plaintiff in

connection with any declaratory judgment action or insurance coverage action that Plaintiff may bring against any insurance company including, but not limited to, Evanston Insurance Company ("Insurer") arising out of or relating to the claims asserted in this action. Such cooperation shall include

   a. Appearing for deposition upon at least twenty (20) days notice;
   b. Responding to requests for documents and other tangible items;
   c. Testifying at trial, hearings, or other court proceedings if requested by Plaintiff upon at least twenty (20) days notice; and
   d. Providing truthful testimony and reasonable assistance in connection with such proceedings.

Such cooperation shall not require disclosure of information protected by attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Defendant, and its officers including, but not limited to, Greg Albanese Comito, shall not be deemed in breach of this Agreement for any failure or delay in cooperation resulting from illness, or incapacity, and in the event of such illness, or incapacity, Defendant shall notify Plaintiff of same, and shall provide written documentation evidencing same within fifteen (15) days of Plaintiff's request for cooperation. Defendant, and its officers including, but not limited to Greg Albanese Comito, will further take all steps following any such illness or incapacity to thereafter continue such cooperation, and Plaintiff agrees to make good faith efforts to coordinate cooperation based on defendant's, and its officers' including, but not limited to Gregory Albanese Comito's, availability to continue said cooperation.

4. **Assignment of Insurance Rights.** Defendant hereby irrevocably assigns to Plaintiff any and all rights, claims, causes of action, choices in action, and benefits that Defendant has or may have against any insurance company including, but not limited to, Evanston Insurance Company arising out of or relating to insurance coverage for the bodily injury claims asserted in this action. This assignment includes, without limitation, any rights to defense or indemnification, and any claims for breach of contract, bad faith, wrongful disclaimer, failure to defend, failure to indemnify, or any other extra-contractual or statutory claims arising out of any insurance company including, but not limited to, Evanston Insurance Company's handling, denial, or disclaimer of coverage relating to the claims asserted in this action.

5. **Covenant Not to Execute.** Despite Defendant being legally obligated to pay the Judgment, and in consideration of the Assignment of Insurance Rights set forth in Paragraph 4 and Defendant's agreement to provide cooperation as set forth in Paragraph 3, Plaintiff covenants and agrees that he will not take any action to record, register as a lien, enforce, execute, levy, or otherwise seek to collect the Judgment against Defendant, its shareholders, officers, or directors, or the personal assets of its shareholders, officers, or

2

directors, and shall instead limit satisfaction of the Judgment to any amounts recovered from the Insurer, unless Defendant materially breaches the cooperation obligations set forth in Paragraph 3 above, and unless defendant fails to cure such breach within twenty (20) days after delivery of written notice to defendant specifying such breach. This covenant shall be binding upon Plaintiff's executors, successors in interest, assignees, agents, or any other person or entity acting on Plaintiff's behalf.

6. **No Release or Settlement Without Consent.** Defendant agrees that it will not settle, release, waive, compromise, or otherwise impair any claim or right it may have against any insurance company including, but not limited to, Evanston Insurance Company, relating to insurance coverage for the claims asserted in this action, without the prior written consent of Plaintiff.

7. **Right to Pursue Coverage Action.** Plaintiff, individually and as assignee of Defendant pursuant to Paragraph 4, shall have the right to commence and prosecute any declaratory judgment action, insurance coverage action, or related proceeding against any insurance company including, but not limited to, Evanston Insurance Company arising out of or relating to the claims asserted in this action. The Parties further agree that nothing contained within this Stipulation and Proposed Consent Judgment and Order shall constitute a waiver or release of Plaintiff's rights to assert a claim against any insurance company including, but not limited to, Evanston Insurance Company, arising out of or relating to the claims asserted in this action.

8. **Damages Legally Obligated to Pay.** The Judgment entered pursuant to this Stipulation represents damages that Defendant is legally obligated to pay to Plaintiff as a result of the bodily injury claims asserted in this action.

9. **Notice and Opportunity to Defend.** The parties represent and agree that Evanston Insurance Company was provided notice of the claims asserted in this action and at all times was afforded the opportunity to defend or otherwise participate in the action, but chose not to do so.

10. **Good Faith and Reasonableness of Judgment.** The parties acknowledge and agree that this Stipulation and Consent Judgment constitutes a fair and reasonable determination of damages resulting from the bodily injury claims asserted in this action and the damages alleged and has been negotiated and entered into in good faith and only as a result of arm's-length negotiations between the parties, without collusion or fraud.

11. **Binding Effect as to Damages.** The parties agree that the Judgment amount set forth herein is intended to serve as binding evidence of the amount of such damages in any subsequent

3

declaratory judgment action, insurance coverage action, or related proceeding involving any insurance company including, but not limited to, Evanston Insurance Company, to the fullest extent permitted by law.

12. **Satisfaction of Judgment Upon Recovery.** In the event Plaintiff obtains any subsequent monetary recovery, whether by settlement, judgment, or otherwise, from any insurance company (excluding any monetary recovery from the insurers of the other defendants to this action received pursuant to the Settlement Agreement), including, but not limited to, Evanston Insurance Company arising out of or relating to the claims asserted in this action, such recovery shall be deemed full satisfaction of the Judgment as against Defendant. Plaintiff shall promptly execute and file a Satisfaction of Judgment and any other necessary documents to discharge the Judgment in full and take all necessary steps to mark the Judgment as satisfied and discharged within sixty (60) days of receipt of any such recovery.

13. **Automatic Satisfaction After Six Years.** In the event that Plaintiff does not obtain any recovery from the Insurer within six (6) years from the date the Judgment is entered, the Judgment shall be deemed fully satisfied as against Defendant, and Plaintiff shall execute and file a Satisfaction of Judgment and any other necessary documents to discharge the Judgment in full within sixty (60) days thereafter, unless any lawsuit against the Insurer has been commenced by Plaintiff and is still pending, in which case the Judgment against Defendant will be deemed fully satisfied only upon final completion of such lawsuit.

14. **Retention of Jurisdiction.** The Court shall retain jurisdiction over this matter for purposes of enforcing this Consent Judgment and the terms set forth herein.

15. **Attorneys' Fees and Costs.** Each party shall bear its own attorneys' fees and costs.

16. **Notice.** Any and all notice requirements as set forth herein shall be satisfied by sending written notice via certified mail to the home address of Gregory Albanese Comito at 7 Yadanza Court, Palisades, New York 10964, for service upon Defendant, and via certified mail to the Law Offices of Ronai & Ronai, LLP, at 34 Adee Street, Port Chester, New York 10573, for service upon Plaintiff. In the event that any party, Defendant's officers including, but not limited to, Gregory Albanese Comito, moves from the addresses listed herein, the party(ies) shall notify each other and provide such change of address information within twenty (20) days thereafter.

17. **Settlement Agreement.** This agreement is contingent upon the execution of a Settlement Agreement by all parties in this action, dated *April 18, 2026*, which is incorporated by reference herein.

4

Dated: April 18, 2026
Port Chester, New York

**Counsel for Plaintiff**
LUIS FERNANDO ANDRADE

By: Holly Ostrov Ronai
RONAI & RONAI, L.L.P.
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

**Counsel for Defendant**
COMITO CONSTRUCTION CORP.

By: Matthew Brenner
Harrington, Ocko & Monk, LLP
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800

COMITO CONSTRUCTION CORP.

By: Gregory Albanese Comito
7 Yadanza Court, Palisades, New York 10964
(914) 391-9588

---

## ORDER AND FINDINGS

Upon consideration of the foregoing Stipulation, the Court hereby finds and orders as follows:

1. The Court has jurisdiction over the parties and the subject matter of this action.

2. The Consent Judgment set forth above is fair, reasonable, and the product of good-faith, arm's-length negotiations between the parties.

3. The Court finds that the parties entered into this Stipulation after consideration of the merits of Plaintiff's bodily injury claims and the potential liability and damages that could be awarded if the matter proceeded to trial.

5

4. The amount of **$1,000,000.00** represents a fair and reasonable determination of damages arising from the claims asserted by Plaintiff, as and against Defendant Comito.

5. Entry of this Consent Judgment will resolve the claims between Plaintiff and Defendant Comito in this action.

6. The Court shall retain jurisdiction over this matter for purposes of enforcing this Consent Judgment and the terms set forth herein.

7. The Stipulation and Consent Judgment is hereby **APPROVED**, and judgment shall be entered consistent with its terms.

SO ORDERED.

Dated: __April 27__, 2026
White Plains, New York

_____
Philip M. Halpern
United States District Judge